UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS - 6

| Case No. | CV 12-08985 MMM (FFMx) | Date | November 15, 2012 |
|---|---|---|---|

| Title | GFD, LLC & Oakridge Mgmt, LLC v. Carter |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

Proceedings:   **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

On July 6, 2012, plaintiffs GFD, LLC and Oakridge Management, LLC commenced this unlawful detainer action in Los Angeles Superior Court against defendant Gwendolyn Carter.[1] Defendant filed a notice of removal on October 18, 2012, invoking the court's jurisdiction under 28 U.S.C. § 1441.[2] On November 1, 2012, plaintiffs filed an *ex parte* application for an order remanding the action.[3]

## I. BACKGROUND

Plaintiffs allege that they are the owners of the real property located at 818 South Flower Street, Unit 3, Inglewood, California 90301.[4] They assert they are entitled to immediate possession

---

[1] Notice of Removal ("Removal"), Docket No. 1 (Oct. 18, 2012), Complaint for Unlawful Detainer ("Complaint").

[2] Removal at 1.

[3] *Ex Parte* Application for Order Remanding Improperly Removed Action *Sua Sponte*, Docket No. 4 (Nov. 1, 2012).

[4] Complaint, ¶ 2.

of the property,[5] and that defendant remains in possession of the property without their authorization.[6]

Plaintiffs allege that they acquired title to the property on December 17, 2010, by trustee's deed following foreclosure proceedings.[7] On March 5, 2012, they purportedly caused a ninety-day notice to quit due to foreclosure to be served on defendant.[8] The notice demanded that defendant quit the premises and deliver up possession of the property to plaintiffs within ninety days of service of the notice.[9] After the ninety days elapsed, defendant allegedly remained on the property without plaintiffs' permission or consent.[10]

Plaintiffs seek possession of the premises via a writ of possession; damages at the rate of $50.00 per day from the expiration of the ninety day period set forth in the notice (July 5, 2012) to the date of entry of the unlawful detainer judgment, less all amounts exceeding $10,000.00, which they remit and waive; and costs of suit.

## II.  DISCUSSION

### A.   Legal Standard Regarding Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a), (b). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)

The removing defendants bear the burden of establishing that removal is proper. See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal

---

[5] *Id.*

[6] *Id.*, ¶¶ 5-7

[7] *Id.*, ¶ 5.

[8] *Id.*, ¶ 6.

[9] *Id.*

[10] *Id.*, ¶ 7.

court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction); see also *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Gaus*, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to the Los Angeles Superior Court.

### B.     Federal Question Jurisdiction

#### 1.     Legal Standard for Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharms.*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2. Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of plaintiffs' complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL,

2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Defendant contends that the court has federal question jurisdiction because the property at issue was transferred in violation of the USA Patriot Act.[11] She also asserts that the property was fraudulently transferred in violation of a federal stay.[12] Defendant provides no further information concerning the federal stay, so the court cannot determine whether there was such a stay or whether it covered the property. In any case, it is not enough for removal purposes that a federal question may arise in connection with a defense. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. Plaintiffs' complaint does not reference the Patriot Act in any way, nor does it mention any federal stay. Even if the court assumes that defendant raise such defenses to plaintiffs' claim, they do not confer jurisdiction on the court. See *Franchise Tax Bd.*, 463 U.S. at 14 ("a case may not be removed to federal court on the basis of a federal defense").

Defendant also contends that the court has subject matter jurisdiction because it has original jurisdiction to hear her counterclaim, which concerns the use of a Molotov cocktail to intimidate her.[13] So far as the court can tell, defendant has not filed a counterclaim in this matter. The court cannot discern, consequently, whether her hypothetical counterclaim would arise under the laws of the United States. Even if it did, however, her argument for removal would fail, as a counterclaim can not serve as the jurisdictional basis for removal. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

    C.    **Diversity Jurisdiction**

        1.    **Legal Standard for Diversity Jurisdiction**

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that alleged. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

---

[11] Removal, ¶ 8.

[12] *Id.*

[13] *Id.*, ¶ 6.

### 2. Whether Diversity Jurisdiction Exists

Defendant implies that diversity jurisdiction is present because she is a descendant of black African slaves, so the Thirteenth, Fourteenth and Fifteen Amendments do not confer citizenship on her. In fact, the constitutional amendments cited by defendant do confer citizenship on descendants of African slaves born in the United States. See, e.g., *In re Look Tin Sing*, 21 F. 905, 909 (1884) (stating that the Fourteenth Amendment conferred on "persons of the African race brought to this country and sold as slaves, and their descendents . . . equally with all other native-born, the rights of citizenship . . . [and] the status of . . . citizens").

Even if defendant were correct in asserting that she is not a citizen of the United States, however, the court would still lack diversity jurisdiction because the amount in controversy requirement is not satisfied. In their complaint, plaintiffs requests holdover damages of $50.00 per day from July 5, 2012 to the date of judgment.[14] They disclaim any damages exceeding $10,000.00. Consequently, they do not seek damages exceeding $75,000, and the amount in controversy requirement is not met. As a result, the court lacks diversity jurisdiction to hear the action.

### III. CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Because defendant has failed to carry her burden of establishing that removal is proper, plaintiffs' *ex parte* application for an order remanding this action is granted. The clerk is directed to remand the action to Los Angeles Superior Court forthwith.

---

[14] Complaint at 9.